TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 90-804 |
| of | : | |
| | : | MAY 2, 1991 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| RONALD M. WEISKOPF | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE WILLIAM A. CRAVEN, MEMBER OF THE CALIFORNIA SENATE, has requested an opinion on the following question:

May the Governor appoint as the Adjutant General an officer who is presently on active duty in the United States Army and who possesses the requisite rank and command or staff experience but who has never been a member of the National Guard of California or that of any other state?

CONCLUSION

The Governor may not appoint as Adjutant General an officer presently on active duty in the United States Army who possesses the requisite rank and command or staff experience when the officer has never been a member of the National Guard of California or that of any other state.

ANALYSIS

Section 162 of the Military and Veterans Code[1] provides for the appointment, tenure and qualifications for the Adjutant General of the State of California as follows:

"The Adjutant General shall be appointed by the Governor with the advice and consent of the Senate, and

_____

[1]All section references are to the Military and Veterans Code unless otherwise specified.

shall hold office at the pleasure of the Governor, or until his successor is appointed and has qualified. No person is eligible for appointment as Adjutant General unless he had not less than a total of ten (10) years of commissioned service in the National Guard of the United States, of which at least four (4) years shall be service as a field grade officer in the California National Guard within the preceding 10-year period prior to the date of appointment and of which at least four (4) years shall have been in command of army or air troops at the battalion or equivalent or higher command level or four (4) years as a staff officer at brigade or equivalent or higher staff level."

The question we are asked to address is whether an officer who is on active duty in the United States Army and who possesses the requisite rank and command or staff experience,[2] but who has never been a member of the National Guard of California or of any other state,[3] may be appointed Adjutant General. We conclude that such an officer would not meet the statutory qualifications for the office.

The first requirement that an appointee must satisfy is having had "not less than a total of ten (10) years of commissioned service <u>in the National Guard of the United States</u>." (§ 162; emphasis added.) We proceed to show that the officer described would not meet that qualification because under federal law he or she would have had to acquire that commissioned service by serving as a member of a recognized state National Guard unit in a position which accorded him or her what is known as "federal recognition."

The National Guard of the United States (NGUS) "is a reserve component of the United States Armed Forces" (58 Ops.Cal.Atty.Gen. 144, 144-145, (1975)) and consists, inter alia, of the Army National Guard of the United States (ARNGUS) and the Air National Guard of the United States (ANGUS). (Cf. 10 U.S.C. § 261.) We assume that the Army officer in question has never served in the Air National Guard of the United States, and so in order to

---

[2] "Commissioned service" refers to the service of commissioned officers (§ 220) as distinguished from noncommissioned officers (§ 252) and enlisted personnel (§ 250). "A field grade officer" has the rank of major or above. In Army terminology, a command unit increases in size as follows: platoon, company, battalion, regiment, brigade, and division. "A staff officer" is one who acts in a support position to the commander of a unit.

[3] As we shall explain, the ten years "in the National Guard of the United States" requirement may be met by serving six years in the National Guard of another state and four years in the California National Guard.

have been a member of the National Guard of the United States, he or she would have had to have been a member of the Army National Guard of the United States, or to have otherwise specially qualified in a manner not pertinent here.

The Army National Guard of the United States is a reserve component of the Army and is composed of the "(1) federally recognized units and organizations of the Army National Guard; and (2) members of the Army National Guard who are also Reserves of the Army." (10 U.S.C. § 3077; cf. 32 U.S.C. § 101(5).[4]) Thus, for the officer to have been a member of the Army National Guard of the United States, he or she would have had to have been a member of a federally recognized unit of the Army National Guard or a member of the Army National Guard and a Reserve of the Army. In the scenario we are given, he or she would have been neither.

The Army National Guard is "that part of the organized militia of the several states and territories ... that ... is a land force ... and ... is federally recognized." (32 U.S.C. § 101(4).) In other words, it is the collective of the Army National Guards of the several states and territories that have been accorded "federal recognition." That is a term of art that describes a status accorded both to a state's militia and to its individual officers: "As a result of federal recognition, a state National Guard unit receives federal aid and qualifies as a unit of the National Guard of the United States subject to being called into the federal service [citation]." (11 Ops.Cal.Atty.Gen. 252, 260 (1948).) "Federal recognition [also] determines an officer's right to a federal commission in the National Guard of the United States." (*Ibid.*)

Here the Army officer in question would never have been a member of the Army National Guard or a member of the Army Reserve because, although he or she has been on active duty as a regular officer in the United States Army, he or she has not served in a reserve component. (Cf. 10 U.S.C. §§ 101(5) ["`Army National Guard of the United States' means the reserve component of the Army..."]; 101(22) ["The term `active duty' means full-time duty in the active military service of the United States. ... It does not include full-time National Guard duty".].) And because the officer has never been a member of the California National Guard or that of any other state, he or she would not have been a member of the Army

---

[4]It should be made clear that the Army Reserve and the Army National Guard of the United States are separate reserve components of the armed forces. (E.g., compare 10 U.S.C. § 261, subsec.(a)(1) with *id.*, subsec. (a)(2); see also, historical note following 32 U.S.C. § 101 explaining the definition of "Army National Guard of the United States" found in clause (4) of that section.) Thus, one may be a Reserve of the Army without being a member ARNGUS. (Cf. 10 U.S.C. § 3076.)

National Guard as a member of "that part of the organized militia of the several States...."  (32 U.S.C. § 101(4).)

Never having served in the Army National Guard or been a Reserve of the Army, the officer in question would never have been a member of the Army National Guard of the United States (ARNGUS), or perforce the National Guard of the United States, as required by section 162.  That being the case, he or she would be ineligible to be appointed Adjutant General.

In 58 Ops.Cal.Atty.Gen. 144, *supra*, we were asked the same question that we are today and answered it in the affirmative. There we concluded that an active duty Army officer who had never been a member of the California National Guard could not qualify for appointment under section 162 by itself, but could qualify for appointment upon becoming a member of the California National Guard through the operation of section 215.  Section 215 provides in part:

> "For all purposes under this code commissioned officers ... of the California National Guard ... who have heretofore or hereafter performed service in the United States Army ... shall be entitled to credit for time so served as if such service had been rendered in the state forces."

Thus we said:

> "If, therefore, the officer otherwise qualified for appointment under section 162 were to become a member of the California National Guard ..., the time served in the federal armed services would be credited toward eligibility under section 162.  If such officer had ten years of active duty and four of those years were within the last ten-year period preceding his appointment and he met the other requirements of section 162, he could be appointed Adjutant General by the Governor."  (58 Ops.Cal.Atty.Gen. at 145.)

We have been specifically asked to reconsider this aspect of our 1975 opinion.  Doing so, we find it was in error.

Whatever the consequences of the time credit accorded by section 215 for time served in the United States Army may be, such as providing a factor to be used in computing retirement pay and determining other benefits for members of the California National Guard (cf. *Santin* v. *Cranston* (1967) 250 Cal.App.2d 438, 441; 39 Ops.Cal.Atty.Gen. 316 (1962); 38 Ops.Cal.Atty.Gen. 82 (1961); 22 Ops.Cal.Atty.Gen. 161 (1953); see also § 228), that credit is only given for purposes of California's Military and Veterans Code. Thus, while the section may consider one's active federal military duty time as having been spent in the California National Guard for

certain <u>state purposes</u>, it in no way purports to affect <u>federal law and federal requirements</u>. Particularly, it would not confer status upon an officer as having served as a member of the Army National Guard or the National Guard of the United States merely through the time credit for service in the state military forces that it accords.

The Army National Guard (and National Guard of the United States) must be distinguished from the National Guard of California. (Cf. 11 Ops.Cal.Atty.Gen. 252, 260, *supra*.) Most important for us here is that membership in the latter does not *ipso facto* mean or confer membership in the former. This is because under federal law "recognition of a state guard organization as a unit of the National Guard of the state [does] not automatically adopt its officers or confer on them the status of commissioned officers in the [Army] National Guard without [the officers also first individually receiving] federal recognition." (*Gaston* v. *United States* (Mun.Ct.App. D.C. 1943) 34 A.2d 353, 356.) In other words, recognition for status in the Army National Guard requires acceptance of the individual state National Guard officer under federally established criteria in addition to recognition of the organization or unit to which he or she belongs. Thus "[o]ne may be a member of the National Guard of a state without receiving federal recognition" (*Zitzer* v. *Walsh* (D. Conn. 1972) 352 F.Supp. 438, 440), but without it one does not become a member of the Army National Guard. (Cf. 32 U.S.C. § 307; *Gaston* v. *United States*, *supra*; *United States* v. *Dern* (D.C. Cir. 1934) 74 F.2d 485, 488.)[5]

---

[5]Section 210 describes the composition of the California National Guard. It states:

"The National Guard consists of:

"(a) General officers.

"(b)     The several staff corps and departments prescribed in tables of organization of the United States Army or United States Air Force or tables of organization for the National Guard.

"(c) The officers and enlisted men on the retired and the reserve lists.

"(d) The organizations forming the National Guard and persons enlisted or commissioned therein."

"General officers" would be those holding the rank of brigadier general or above. The "tables of organization" contain the units and personnel who are federally recognized. "The retired and the reserve lists" contain the names of those who were once on active duty and have been discharged. Those on the reserve list would not

Accordingly, for an officer in a state militia, such as the California National Guard, to have status as an officer in the Army National Guard or the National Guard of the United States, he or she must first have received the aforementioned "federal recognition." (Cf. 11 Ops.Cal.Atty.Gen. 252, 260, *supra*.) To receive it, he or she must, inter alia, be appointed to fill a vacancy, have the requisite qualifications, pass an examination, and subscribe to an oath. (32 U.S.C. §§ 307, 312; cf. 11 Ops.Cal.Atty.Gen. 252, 260, *supra* ["To be federally recognized, an officer, in addition to having the prescribed qualifications must be assigned to a federally recognized unit in a position provided for in the prescribed tables of organization [citation]."].) Section 215 does not purport to and cannot give the predicate for that recognition, and without it an officer, such as the one in question here, could not be considered to have had ten years commissioned service in the Army National Guard or the National Guard of the United States. Failing that, even if section 215 would consider ten years' service in the United States Army to have been served in the California National Guard, he or she would still not meet the first requirement of section 162 for appointment as Adjutant General discussed above.

Our present conclusion regarding the relationship between sections 162 and 215 is supported by the legislative history of these two statutes. Prior to 1963, section 162 specifically allowed "fifteen (15) years commissioned service in ... the United States Army ..." as an alternative for eligibility. (Stats. 1947, ch. 331, § 2.) The 1963 amendment of the statute (Stats. 1963, ch. 124, § 1) removed this alternative. We have examined the legislative history of the 1963 amendment and have found no indication that the deletion of the United States Army service alternative was to be circumvented indirectly by the application of section 215.

We therefore conclude that an officer who is presently on active duty in the United States Army and who possesses the requisite rank and command or staff experience may not be appointed Adjutant General, when he or she has not served at least ten years as a federally recognized officer in the National Guard of California or of any other state.[6]

---

yet be eligible for retirement and must be distinguished from the members of the State Military Reserve, formerly known as the California National Guard Reserve. The latter are not part of the California National Guard (§§ 120, 550) and are not federally recognized. The final "organizations" category would cover those who are not federally recognized.

[6]In light of this conclusion we need not reconsider our former understanding that section 215 would deem a person who had never been a member of the California National Guard to have been a member for the purpose of the second requirement of section 162,

\* \* \* \* \*

\* \* \* \* \*

---

i.e., one's having had four years' service as a field grade officer in the California National Guard.